**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONATHAN CISNEROS,

    Defendant - Appellant.

No. 25-1309
(D.C. No. 1:24-CR-00244-RMR-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Jonathan Cisneros appeals his 18 U.S.C. § 922(g)(1) conviction. He argues that § 922(g)(1) violates the Second Amendment. But he correctly acknowledges that Tenth Circuit precedent holds otherwise. _See Vincent v. Bondi_, 127 F.4th 1263 (10th Cir. 2025). So we exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Early one morning in August 2024, Cisneros stole a truck from its owner's garage in Johnstown, Colorado. Police caught up to him later the same day by using the truck's built-in location monitor. Officers followed Cisneros to Denver, before disabling and then stopping the truck. Cisneros and the other occupants fled on foot. When police caught up to him, they found a loaded 9mm semiautomatic handgun in a fanny pack wrapped around his waist.

Because Cisneros already had a felony conviction, a federal grand jury charged him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Cisneros moved to dismiss the indictment on the ground that § 922(g)(1) was unconstitutional both facially and as applied to him. The district court denied Cisneros's motion, recognizing that it was bound by *Vincent*, 127 F.4th at 1266. But the district court acknowledged that Cisneros had "preserved this issue for future decision by higher courts." R. at 27.

Cisneros pleaded guilty but reserved his right to appeal the district court's order. The court sentenced him to thirty months' imprisonment. Cisneros timely appealed.

## STANDARD OF REVIEW

"We review de novo the district court's denial of a motion to dismiss an indictment on constitutional grounds." *United States v. Brune*, 767 F.3d 1009, 1015 (10th Cir. 2014). As part of our de novo review, we presume a challenged

statute is constitutional. *Id.* We thus require "a plain showing that Congress has exceeded its constitutional bounds." *Id.* (citation omitted).

## DISCUSSION

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *United States v. McCane*, we held that § 922(g)(1)'s prohibition on felons possessing firearms did not violate the Second Amendment. 573 F.3d 1037, 1047 (10th Cir. 2009).

But in 2022, the Supreme Court made the Second Amendment's "constitutional standard . . . more explicit." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 31 (2022). In *Bruen*, the Supreme Court held that "the standard for applying the Second Amendment" involves asking whether the Amendment's "plain text covers an individual's conduct" and, if so, whether the challenged government regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24.

Then just two years later, the Supreme Court clarified its holding in *Bruen*. *See United States v. Rahimi*, 602 U.S. 680, 691 (2024). The Court explained that *Bruen* was "not meant to suggest a law trapped in amber." *Id.* The Court held that "the reach of the Second Amendment is not limited only to those arms that were in existence at the founding." *Id.* Rather, the "appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id.* at 692. In

3

*Rahimi*, the Supreme Court reiterated that its holding was not meant to cast doubt on all firearm regulations, noting that prohibitions, "like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id.* at 699 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 627 n.26 (2008)).

Just last year, we reaffirmed *McCane* and upheld § 922(g)(1). *Vincent*, 127 F.4th at 1265–66. We "relied on *Heller*'s instruction that felon dispossession laws are presumptively valid" and concluded that neither *Bruen* nor *Rahimi* abrogated our holding in *McCane*. *Id.* at 1265.

Cisneros acknowledges that *Vincent* forecloses his argument but "raises it to preserve it for further review." Op. Br. at 3. He suggests that our holding in *Vincent* was wrong because it relied on nonbinding dicta from *Heller* and *Rahimi* and that, in any event, the government cannot provide a satisfactory historical analogue to § 922(g)(1) to satisfy the standard from *Bruen* and *Rahimi*. He also argues that even if § 922(g)(1) is facially unconstitutional, it cannot constitutionally be applied to "persons in [his] situation."[1] Op. Br. at 11.

The district court denied Cisneros's motion to dismiss by relying on *Vincent*. We are in the same position. We cannot overrule a prior precedent without a statutory change or an intervening Supreme Court decision. *See United States v. Salazar*, 987 F.3d 1248, 1254 (10th Cir. 2021). We have

---

[1] Cisneros does not explain who "persons in [his] situation" are or why § 922(g)(1) cannot constitutionally be applied to them.

neither here. So because § 922(g)(1) does not violate the Second Amendment, Cisneros's facial challenge fails. *See Vincent*, 127 F.4th at 1266. And because § 922(g)(1) constitutionally applies to "all individuals convicted of felonies," Cisneros's as-applied challenge fails, too. *Id.* Thus, the district court correctly denied Cisneros's motion to dismiss the indictment.

## CONCLUSION

For the reasons stated above, we affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge